**DEUTSCH ENERGY CO.,**
**Plaintiff-Appellant,**

v.

**Sherman MAZUR; Richard Wall; Jerome Weiner; New Century Energy Corp.; New Century Oil & Gas Supply Corp.; Jack Ralston, Defendants-Appellees.**

**No. 86–5959.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 4, 1987.

Decided April 8, 1987.

David F. Tilles, Ron S. Kaufman, Los Angeles, Cal., for the plaintiff-appellant.

H. Roy Jeppson, Los Angeles, Cal., Charles E. Noneman, Los Angeles, Cal., for the defendants-appellees.

Before FERGUSON, NELSON and BEEZER, Circuit Judges.

NELSON, Circuit Judge:

Deutsch Energy Company ("DEC") appeals from the district court's grant of summary judgment in favor of defendants Sherman Mazur, Gerald Weiner, New Century Energy Corporation ("NCEC"), New Century Oil and Gas Supply Corporation ("NCOGSC"), and New Century Oil and Gas Supply Corporation Income Development Program 1982–1983 ("Program"), and dismissal of its complaint against the remaining defendants, Richard Wall, Jack Ralston, Courtney Ralston, and Sand Dollar Energy Corporation ("Sand Dollar"). We find that no genuine issue of material fact exists as to whether the transaction among the parties constitutes a security because there was no expectation that profits would be derived solely from the efforts of individuals other than the investors. Accordingly, we affirm the district court's grant of summary judgment.

## BACKGROUND

In April 1981, defendants Mazur and Weiner formed NCEC, a California corporation, to acquire oil and gas producing properties. NCEC subsequently purchased the mineral and extraction rights over a 400–acre parcel located in Kansas referred to as the "Morton Lease." At the time of the purchase, twenty-two wells had been drilled and were operating on the parcel.

Negotiations between Mark and Jaime Deutsch and NCEC began in December 1981 for a purchase of well sites. Negotiations continued through February 1982, and concluded with NCEC agreeing to transfer the lease rights to four drilled wells and eighteen well sites to DEC, a general partnership formed by the Deutsches, for a payment of approximately $1.5 million. Two purchase agreements ultimately reflected the terms of the transaction. Each purchase agreement expressly provided that the parties would execute an operating agreement, which was attached as an exhibit to the purchase agreements, designating Sand Dollar as operator of the wells and sites. DEC retained significant managerial powers under the agreements, including the power to veto any decision by NCEC to replace Sand Dollar as operator or to abandon wells as dry holes.

Unfortunately, the wells did not perform to the expectations of DEC, which has received no money in return for its $1.5 million investment. The parties entered a contingent repurchase agreement on March 15, 1983. The repurchase was never consummated, however, apparently because NCEC (then acting as Program) was unable to acquire the necessary funds.

DEC filed the present action on November 10, 1983. The complaint alleged violations of section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) (1982), and section 12(2) of the Securities Act of 1933, 15 U.S.C. § 77l(2) (1982), in connection with the sale of the oil well leases. NCEC filed a motion for summary judgment in February 1986 seeking dismissal of DEC's complaint on the ground that the interests purchased by DEC did not constitute securities within the meaning of the securities laws. Following a hearing on April 7, 1986, the district court granted the motion and entered judgment on April 30, 1986. DEC timely appealed this decision.

## DISCUSSION

■ This court reviews de novo the district court's grant of summary judgment and its determination that the transaction

did not constitute an investment contract.[1] *SEC v. Murphy*, 626 F.2d 633, 640 (9th Cir.1980); *see United States v. McConney*, 728 F.2d 1195, 1202 (9th Cir.) (en banc), *cert. denied*, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984) (application of a rule of law to the established facts is reviewed de novo where the question requires consideration of legal concepts in the mix of fact and law). The initial burden under Fed.R. Civ.P. 56(c) is on the moving party to point out the absence of any genuine issues of material fact. *Murphy*, 626 F.2d at 640. Once the initial burden is satisfied, the burden shifts to the nonmoving party to present probative evidence showing that there remains a genuine factual issue for trial. *Id.* The moving party is entitled to summary judgment if, viewing the evidence in the light most favorable to the opponent, no genuine issue of material fact remains and the moving party is entitled to judgment as a matter of law. *See id.; Celotex Corp. v. Catrett*, —— U.S. ——, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

DEC argues that issues of material fact exist as to whether the transaction constitutes an "investment contract" and, therefore, a security within the definitions stated in section 2(1) of the 1933 Securities Act, 15 U.S.C. § 77b(1) (1982), and in section 3(a)(10) of the 1934 Securities Exchange Act, 15 U.S.C. § 78c(a)(10) (1982).[2] The Supreme Court has defined an investment contract in *Securities & Exchange Commission v. W.J. Howey Co.*, 328 U.S. 293, 66 S.Ct. 1100, 90 L.Ed. 1244 (1946), as "a contract, transaction or scheme whereby a person invests his money in a common enterprise and is led to expect profits solely from the efforts of the promoter or a third party." *Id.* at 298–99, 66 S.Ct. at 1103. As this court has recognized, the test requires three distinct elements: (1) an investment of money, (2) in a common enterprise, (3) based on an expectation of profits to be derived solely from the efforts of individuals other than the investor. *SEC v. Goldfield Deep Mines Co.*, 758 F.2d 459, 463 (9th Cir.1985). This court has further held that it would not confine the *Howey* test to situations in which the term "solely derived" applied literally, but would find the third element satisfied when "the efforts made by those other than the investor are the undeniably significant ones, those essential managerial efforts which affect the failure or success of the enterprise." *SEC v. Glenn W. Turner Enters, Inc.*, 474 F.2d 476, 482 (9th Cir.), *cert. denied*, 414 U.S. 821, 94 S.Ct. 117, 38 L.Ed.2d 53 (1973). In this case, we need not discuss the first and second elements of *Howey* because we find that as a matter of law based on undisputed facts, the third element is absent and the district court, therefore, properly granted summary judgment to the NCEC defendants.

**1.** The district court, in apparent reliance on Fed.R.Civ.P. 52, made no findings of fact or conclusions of law in its order granting summary judgment to the defendants. The transcript of the hearing, however, indicates that the district court determined that DEC and NCEC had formed a joint venture and had not entered an investment contract. Accordingly, the complaint was dismissed because the interest was not a security and, thus, not protected under the securities laws.

**2.** Section 2(1) of the Securities Act of 1933 provides:

The term "security" means any note, stock, treasury stock, bond, debenture, evidence of indebtedness, certificate of interest or participation in any profit-sharing agreement, collateral-trust certificate, preorganization certificate or subscription, transferable share, investment contract, voting-trust certificate, certificate of deposit for a security, fractional undivided interest in oil, gas or other mineral rights ... or, in general, any interest or instrument commonly known as a "security", or any certificate of interest or participation in, temporary or interim certificate for, receipt for, guarantee of, or warrant or right to subscribe to or purchase, any of the foregoing.

15 U.S.C. § 77b(1). Section 3(a)(10) of the Securities Exchange Act of 1934 corresponds almost exactly with this definition. It adds, however, an exception to the above:

[The term "security"] shall not include currency or any note, draft, bill of exchange, or banker's acceptance which has a maturity at the time of issuance of not exceeding nine months, exclusive of days of grace, or any renewal thereof the maturity of which is likewise limited.

15 U.S.C. § 78c(a)(10). The courts have found these definitions to be functional equivalents. *Tcherepnin v. Knight*, 389 U.S. 332, 336, 342, 88 S.Ct. 548, 553, 556, 19 L.Ed.2d 564 (1967); *United Cal. Bank v. THC Fin. Corp.*, 557 F.2d 1351, 1356 (9th Cir.1977).

DEC claims that it expected to rely almost exclusively on the "essential managerial efforts" of NCEC and Sand Dollar. The appellees respond that DEC's significant managerial powers preclude this claim as a matter of law. Both parties rely on dicta from *Williamson v. Tucker*, 645 F.2d 404 (5th Cir), *cert. denied*, 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981). The *Williamson* court, in a well-reasoned opinion, said that "[a]n investor who is offered an interest in a general partnership or joint venture should be on notice ... that his ownership rights are significant, and that the federal securities acts will not protect him from a mere failure to exercise his rights." *Id.* at 422. The court identified as an exception to this rule a case when an investor "has irrevocably delegated his powers, or is incapable of exercising them, or is so dependent on the particular expertise of the promoter or manager that he has no reasonable alternative to reliance on that person." *Id.* at 422–23. The parties in this case appear to agree that DEC possessed, if not a general partnership interest, at least significant managerial powers under the purchase agreements. DEC claims, however, that it falls within the *Williamson* exception because the Deutsches' inexperience in the oil and gas business and their residence in California made them incapable of exercising any managerial powers over the drilling projects in Kansas. The undisputed facts, however, simply do not support their claimed lack of sophistication in financial affairs. *See Matek v. Murat*, 638 F.Supp. 775, 780 n. 4 (C.D.Cal.1986) (when general partners participated significantly in management and were knowledgeable in the field, their interests were not securities).

The undisputed facts in the present case are as follows: the Deutsches, who are California residents, own and operate a convalescent hospital as their primary business. Jaime Deutsch, the father, also owns and operates retirement hotels adjacent to the convalescent hospital. Mark Deutsch, the son, inspected the oil well sites before the agreements were executed. The Deutsches' previous investments include a limited partnership organized to drill and operate gas wells in Ohio. Furthermore, they retained legal counsel who was present for the latter stages of the negotiations with NCEC regarding the purchase agreements.

■ While one may surmise from these facts that neither of the Deutsches possesses the expertise to drill and complete the oil wells personally, it does not follow that they are "inexperienced and unknowledgeable members of the general public." *See Williamson*, 645 F.2d at 423. Their general business expertise arises from other sophisticated business transactions. They clearly know how to read financial statements and are familiar with the use of experts such as accountants, attorneys, and geologists. Although it appears to be an open question whether sophistication in one field of business will always transfer to another field, we find that the Deutsches' claim of unsophistication is unsupported and raises no genuine issues of material fact given their level of general business expertise.

## CONCLUSION

Based on undisputed facts, the transaction entered into by DEC and NCEC did not constitute an investment contract because, as possessors of significant managerial powers and a high degree of business acumen, the partners of DEC could not rightfully expect their profits to be derived solely from the efforts of individuals other than themselves. The district court, therefore, correctly granted summary judgment to NCEC because no genuine issues of material fact exist as to whether the third element of *Howey* is absent.

AFFIRMED.