POWER PETROLEUMS, INC., Plaintiff,

v.

P & G MINING COMPANY, et al., Defendants.

Civ. A. 87–C–286.

United States District Court,
D. Colorado.

March 29, 1988.

John C. Siegesmund, III, Harry L. Hobson, Mark Semenoff, Denver, Colo., for plaintiff.

Jeffrey A. Chase, Boyd N. Boland, Thomas H. McCarthy, Jr., Holme Roberts & Owens, Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

This action arises out of the alleged breach of a General Partnership Agreement between the parties regarding a mining operation near Silverton, Colorado. Plaintiff has asserted federal claims for misrepresentations and omissions in violation of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5 promulgated thereunder, (17 C.F.R. § 240.10b–5) (First Claim) and in violation of Section 12(2) of the Securities Act of 1933, 15 U.S.C. § 771(2), (Second Claim); and state or common law claims for violation of C.R.S. § 11–51–125(2) and (3) (Third Claim); fraud (Fourth Claim); negligent misrepresentation (Fifth Claim); and breach of contract (Sixth Claim).

Defendants have moved to dismiss the plaintiff's First and Second Claims on the ground that the plaintiff's interest in the Sultan Mountain Mine is that of a general partner and does not constitute a "security" within the meaning of § 3(a)(10) of the 1934 Securities Exchange Act and § 2(1) of the 1933 Securities Act. Defendants also have moved to dismiss the plaintiff's state claims for lack of diversity jurisdiction, but that argument has been withdrawn.

The parties have fully briefed the issues and oral argument would not materially assist my decision. On the suggestion of the plaintiff, I have treated the pending dismissal motion as a motion for summary judgment. Both parties have attached various documents in support of their respective positions and thus, determination of this matter is properly before me on summary judgment. Rules 12(b) and 56(c), Fed.R.Civ.P.

Summary judgment is appropriate when "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Rule 56(c). Only factual disputes that might

affect the lawsuit's outcome will preclude summary judgment, and the relevant inquiry is whether there is sufficient disagreement over the evidence that the case must be submitted to the jury. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 2512, 91 L.Ed.2d 202 (1986). The moving party is entitled to judgment as a matter of law where the non-moving party has failed to make a sufficient showing on an essential element of the case with respect to which that party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

The issue here is whether the parties' transaction constitutes an investment contract, and therefore a "security" within the meaning of the federal securities laws. An investment contract is "a contract, transaction or scheme whereby a person invests his money in a common enterprise and is led to expect profits solely from the efforts of the promoter or a third party." *Securities & Exchange Commission v. W.J. Howey Co.*, 328 U.S. 293, 298–99, 66 S.Ct. 1100, 1103, 90 L.Ed. 1244 (1946).

Generally, partnership interests are not securities. *Odom v. Slavik*, 703 F.2d 212 (6th Cir.1983). Defendants admit, however, that the key in determining whether a general partnership interest is a security is whether the partner has the power to exercise partnership functions. *Id.* at 215.

Plaintiff opposes the defendants' motion, asserting that it was merely a passive investor with no role in the management or control of the partnership's affairs. Plaintiff contends that the defendant P & G Mining Company drafted the partnership agreement and allocated to itself all meaningful control over the partnership's business. Plaintiff asserts that its rights were limited to being kept informed of what the partnership was doing.

Both parties rely on *obiter dicta* from *Williamson v. Tucker*, 645 F.2d 404 (5th Cir.), *cert. denied*, 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981), in which the Fifth Circuit stated that an investor in a general partnership should be on notice that his ownership rights are significant and that the federal securities laws will not protect him from a mere failure to exercise his rights. *Williamson* recognized exceptions to this rule in the case of an investor who has irrevocably delegated his powers, or is incapable of exercising them, or is so dependent on the particular expertise of the promoter that he has no reasonable alternative but to rely on that person. *Id.* at 422–23. *See also Deutsch Energy Co. v. Mazur*, 813 F.2d 1567 (9th Cir.1987) for a discussion of the *Williamson* case.

Initially, I must look to the terms of the partnership agreement. The following excerpts from the agreement are relevant to the matter at issue:

\* \* \* \* \* \*

"1. *Formation of Partnership.* P & G [P & G Mining Company] and Power [Power Petroleums, Inc.] hereby form and establish a General Partnership (hereinafter the "Partnership") to be governed by the Colorado Uniform Partnership Law (Section 7–60–101 et seq., C.R.S.1973, as amended) to the extent not otherwise provided for in this Agreement. The Partners to this Agreement shall be equal Partners in all respects and shall share equally in all distributions of profits, losses, and tax credits, and the Partners shall have equal votes as the governing body of the Partnership all as more specifically set forth in this Agreement. Except as otherwise provided in this Agreement, the Partners shall have equal rights in the management of the Partnership's business, and each Partner shall devote such time to the conduct of the Partnership's business as mutually agreed upon....."

\* \* \* \* \* \*

"3. *Purpose of the Partnership.* P & G holds the right to mine certain properties on Sultan Mountain in the Animas Mining District, of the State of Colorado and has purchased a mill in San Juan County, Colorado for the purpose of developing the base and precious metals contained in the mining property. Power desires to invest a specified sum of cash in the further development and exploitation of the mining properties and in the

operation of the mill and other mining operations.....

\* \* \* \* \* \*

"9. *Approval for Major Matters Affecting the Partnership.* Major activities and policy of the Partnership must be submitted to both Partners for approval. These activities and policy matters include but are not limited to:

a. Approval of the annual budget for the operational, management, and financial program of the Partnership.

b. Expenditure of any single sum of the Partnership money in excess of $100,000.00 not approved in an annual budget except in an emergency to protect life, health, and property, as may be required from time to time by federal, state, or local regulatory bodies.

c. Sale of the Partnership property other than in the regular course of business and in accordance with established Partnership programs, criteria and policies.

d. Execution of a note containing a provision for confession of judgment.

e. Use of Partnership funds or property for any purposes other than those relating to the affairs or business of the Partnership and in the ordinary course of the Partnership business.

f. Sale, transfer, encumber or otherwise dispose of substantially all of the assets of the Partnership.

g. Performance of any act likely to adversely affect the business or good name of the Partnership."

\* \* \* \* \* \*

Pursuant to other provisions, the plaintiff had the power to approve all additional capital contributions in excess of $250,000 and to withdraw cash or in-kind property from the Partnership; and the right to receive audited financial reports at least yearly, financial reports of cash flow and an unaudited budget analysis quarterly, and profit/loss, balance sheet and change in financial position statements annually. The agreement's terms designated the defendant P & G Mining Company ("P & G") as the managing partner and set forth its duties and responsibilities. Plaintiff could consult with the managing partner at least monthly concerning partnership developments and business. The managing partner could be removed for gross negligence, insolvency, malfeasance or theft.

Plaintiff also had the right to approve any transaction or encumbrance affecting partnership property and partnership interest. Plaintiff could terminate the partnership under specified conditions and could call for an advisory opinion reached by arbitration if a disagreement regarding partnership management arose. If the partners could not reach a good faith agreement, the managing partner had final decision making authority.

Based on these undisputed terms of the partnership agreement, I find and conclude that the plaintiff had substantial managerial power as a general partner in the mining venture. I am not persuaded that the plaintiff had irrevocably delegated its powers, was incapable of exercising them, or was so dependent on the defendants' unique expertise that it had no reasonable alternative but to rely on the defendants. I further find and conclude that the partnership interest here was not a "security" within the meaning of the federal securities laws. Defendants are entitled to summary judgment on the plaintiff's First and Second Claims and those Claims are dismissed from the complaint and action.

Plaintiff's remaining claims (Third through Sixth Claims) are based on state or common law. Since I have dismissed the only claims asserted under federal law, pendent federal jurisdiction over the remaining claims no longer exists. Therefore the Third through Sixth Claims also must be dismissed, but without prejudice to the plaintiff's right to assert those claims in state court.

Accordingly, it is ORDERED that

(1) Defendants' motion to dismiss, which I have considered as a motion for summary judgment, is granted;

(2) Plaintiff's First and Second Claims are dismissed with prejudice;

(3) Plaintiff's Third through Sixth Claims, the state or common law

claims, are dismissed for lack of federal jurisdiction; dismissal of these claims is without prejudice to the plaintiff's right to reassert them in state court; and

(4) Plaintiff's complaint and action are dismissed without prejudice as to the state law claims, and with prejudice as to the federal law based claims.