**KLINE HOTEL PARTNERS, a California limited partnership, Plaintiff,**

v.

**AIRCOA EQUITY INTERESTS, INC., a Colorado corporation, and Clarion One, Ltd., a Colorado limited partnership, and Associated Inns & Restaurants Company of America, a Delaware corporation, Defendants.**

Civ. A. No. 87–B–1903.

United States District Court,
D. Colorado.

Nov. 20, 1989.

---

See also, 708 F.Supp. 1193.

Mark E. Haynes, Robert F. Hanley and David Trombadore, Morrison & Foerster, Denver, Colo., for plaintiff.

Lino S. Lipinsky de Orlov, Daniel S. Hoffman and John R. Webb, Holme Roberts & Owen, Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

This matter is before the Court on defendants' motion for summary judgment on plaintiff's (Kline) securities acts claims. The motion is denied.

The present controversy arises out of a dispute concerning the construction and operation of the Clarion Ontario Airport Hotel (Hotel) in Ontario, California. The Kline Center Ontario Hotel Partnership (the Partnership), not a party to this action, owns and operates the hotel. Kline and defendant Clarion One, Ltd. (Clarion I) are the general partners of the Partnership under the Kline Center Ontario Hotel Partnership Agreement (Partnership Agreement). Kline and Clarion I each own 50% of the Partnership. Clarion I is also the managing partner under the Partnership Agreement. Defendant AIRCOA Equity Interests, Inc. (AEI) was Clarion I's predecessor in interest under the Partnership Agreement. Defendant AIRCOA Hospitality Services, Inc. (AIRCOA), f/k/a Associated Inns and Restaurants Company of America, is the managing agent of the Hotel pursuant to a management agreement between AIRCOA and the Partnership. In this action, Kline asserts numerous claims against the defendants, including claims 10 and 11 brought against AEI and AIRCOA based on Colorado and federal securities acts.

Defendants claim that because Kline was an active participant in the construction and management of the Hotel, Kline's general partnership interest is not a security under the Colorado Securities Act of 1981 (Colo.Rev.Stat. § 11–51–102(g)(12)), the federal Securities Act of 1933 § 2(1) (15 U.S.C. § 77b(1)), or the federal Securities Act of

1934 § 3(a)(10) (15 U.S.C. § 78c(a)(10)). Defendants contend that summary judgment is thus appropriate for these claims.

## I. Summary Judgment

Federal Rule of Civil Procedure 56 provides that summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Summary judgment is appropriate when the Court can conclude that no reasonable juror could find for the non-moving party, on the basis of the evidence presented in the motion and response. *Matsushita*, 475 U.S. 574, 106 S.Ct. 1348. The non-moving party must present enough evidence that a reasonable juror could find for him. The standard is whether the non-movant has presented evidence persuasive enough for a reasonable juror to rule in his favor. *Id.* Further, the non-moving party has the burden of showing that there are issues of material fact to be determined. *Celotex*, 477 U.S. 317, 106 S.Ct. 2548.

Only disputes over facts that might affect the outcome of the case will properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). To avoid summary judgment, the non-moving party must make a sufficient showing of the essential elements of its case on which it bears the burden of proof. *Celotex*, 477 U.S. 317, 106 S.Ct. 2548. In order to dispute facts demonstrated by the moving party's evidence, the non-movant must also offer evidence and may not rely on mere allegations. *R–G Denver, Ltd. v. First City Holdings*, 789 F.2d 1469 (10th Cir.1986).

## II. General Partnership as a Security

In *S.E.C. v. W.J. Howey Co.*, 328 U.S. 293, 298–99, 66 S.Ct. 1100, 1102–03, 90 L.Ed. 1244 (1946), the Supreme Court identified the elements that comprise a security. The *Howey*-test has three prongs: (1) investment of money, (2) in a common enterprise, (3) on a reasonable expectation of profits to be derived from the entrepreneurial or managerial efforts of others. *United Housing Found., Inc. v. Forman*, 421 U.S. 837, 852, 95 S.Ct. 2051, 2060, 44 L.Ed.2d 621 (1975). The *Howey*-test was adopted by Colorado in *Lowery v. Ford Hill Inv. Co.*, 192 Colo. 125, 556 P.2d 1201, 1204–05 (1976). Analysis of the third prong is crucial here.

The Tenth Circuit interpreted the third prong as necessitating inquiry into " 'whether the efforts made by those other than the investor are the undeniably significant ones, those essential managerial efforts which affect the failure or success of the enterprise.' " *McCown v. Heidler*, 527 F.2d 204, 211 (10th Cir.1975) (quoting *S.E.C. v. Glenn W. Turner Enterprises, Inc.*, 474 F.2d 476, 482 (9th Cir.), *cert. denied*, 414 U.S. 821, 94 S.Ct. 117, 38 L.Ed.2d 53 (1973)). The Tenth Circuit has joined other circuits in focusing on access to information as well as managerial authority. *Maritan v. Birmingham Properties*, 875 F.2d 1451, 1457–58 (10th Cir.1989).

### A. The Presumption

Because general partners typically have the rights and powers necessary to manage their enterprises, it is the third prong in the *Howey*-test that often prevents general partners from successfully claiming that their partnership interests are securities and from invoking the securities acts. *Power Petroleums, Inc. v. P. & G Mining Co.*, 682 F.Supp. 492, 493 (D.Colo.1988); *Rivanna Trawlers Unlimited v. Thompson Trawlers*, 840 F.2d 236 (4th Cir.1988) (Powell, J.). An investor in a general partnership who voluntarily refrains from exercising control over the partnership "should be on notice … that the federal securities acts will not protect him from a mere failure to exercise his rights." *Williamson v. Tucker*, 645 F.2d 404, 422 (5th Cir.), *cert. denied*, 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981). My analysis begins

with the presumption, *see Rivanna Trawlers Unlimited*, 840 F.2d at 240–41, that Kline, as a general partner, is not protected by the securities acts. Kline has the burden of rebutting this presumption. *Celotex*, 477 U.S. 317, 106 S.Ct. 2548.

### B. Rebutting the Presumption

To rebut the presumption that its general partnership is not a security for purposes of the securities acts, Kline must show that (1) it is in fact a passive general partner, and (2) it is a passive general partner because it (a) irrevocably delegated its powers, or (b) was unable to exercise its powers, or (c) was so dependant on the particular expertise of its partners that it had no reasonable alternative but to rely on its partners. *See Maritan*, 875 F.2d 1451; *Power Petroleums, Inc.*, 682 F.Supp. at 493; *Williamson*, 645 F.2d at 422–23.

#### 1. Passivity-in-fact

Complete absence of *any* control over the partnership is not necessary to satisfy the first requirement. Kline need only show that it did not exert any "undeniably significant" or "essential managerial efforts." *McCown*, 527 F.2d at 211.

In its pleadings and affidavits, Kline establishes that a question of fact exists about the degree of Kline's involvement in the construction and management of the Hotel. This factual dispute, however, is enough to defeat the motion for summary judgment only if it is material to the dispute. The question of passivity-in-fact is only material if Kline was inactive because it had irrevocably delegated its rights, was unable to exert its power, or had no reasonable alternative but to rely on the particular expertise of defendants. *Williamson*, 645 F.2d at 422.

#### 2. Unavoidable Passivity

■ I disagree as a matter of law with Kline's assertions that the Partnership Agreement fails to grant Kline rights adequate to render it an active general partner. *See Power Petroleums*, 682 F.Supp. at 493–94. However, Kline contends that the defendants prevented it from exercising the rights which might have enabled it to retain control over its partnership inter-

est. Specifically, Kline emphasizes that it could not exercise its partnership rights because its access to information about the operation of the Partnership was restricted by the defendants. The pleadings and affidavits offered by Kline create a question of fact about this allegation. Access to information is an important factor in determining if the securities acts are to provide protection. *Maritan*, 875 F.2d at 1457. If a jury accepts Kline's contention that defendants prevented Kline from exercising its partnership powers, Kline will have rebutted the presumption that its partnership interest was not a security. Hence this factual dispute is material.

■ Kline also denies that it had the knowledge and sophistication necessary to manage the Hotel and therefore reasonably depended on defendants to perform the essential tasks. Kline's factual support is sufficient to generate a jury issue. The dispute is material because if Kline did reasonably depend on defendants' particular expertise, Kline's will have rebutted the presumption that its partnership interest was not a security. *Williamson*, 645 F.2d at 422.

ACCORDINGLY, IT IS ORDERED THAT defendants' motion for partial summary judgment is DENIED.